JUDGE PAULEY

Traycee Ellen Klein
Jonathan L. Shapiro
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4000



*Attorneys for Plaintiff CAN Capital, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAN Capital, Inc.,

                Plaintiff,

      - against –

Shiladitya Ray,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# 16 CV 1632

: Case No. _____
:
:
:
: **COMPLAINT**
:
:
:
:

      CAN Capital, Inc. ("CAN Capital" or "Plaintiff"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 7, brings this action against Shiladitya Ray ("Ray" or "Defendant") and hereby alleges as follows:

## NATURE OF THE ACTION

      1.     This is a request for declaratory judgment and injunctive relief to enjoin an arbitration proceeding that is not being administered and conducted in accordance with the parties' Employment Agreement (the "Agreement") and applicable rules incorporated therein.

      2.     The Agreement, which contains an arbitration clause, provides that any arbitration commenced by a party shall take place under the Commercial Arbitration Rules (the "Commercial Rules") of the American Arbitration Association ("AAA") before "an experienced

employment law arbitrator who has been selected in accordance with such rules." When parties contractually agree to be governed by the Commercial Rules, those rules must apply.

3.     As explained below, CAN Capital has been denied its right to fully and fairly participate in AAA Case number 01-15-0005-4157, an arbitration commenced by Defendant Ray. Among the deficiencies in the commencement and the administration of the arbitration are the following: (1) Ray failed to advise the AAA of CAN Capital's known representatives, (2) CAN Capital never received notice from the AAA as contemplated by the Commercial Rules, and (3) CAN Capital was never afforded the opportunity to participate in the proceedings and the selection of a neutral arbitrator. Since CAN Capital has been denied its right to notice and participation, as contemplated by the Agreement and the Commercial Rules, and Arbitrator Felsenfeld was not appointed in accordance with the Agreement and the Commercial Rules, CAN Capital requests that this Court immediately stay Ray and Case number 01-15-0005-4157 from proceeding with Arbitrator Felsenfeld.

## PARTIES

4.     Plaintiff CAN Capital is a Delaware corporation that has its principal place of business in New York at 414 West 14th Street #302, New York, NY 10014.

5.     Defendant Ray is a citizen of Connecticut whose address is 46 Bradley Lane, Sandy Hook, CT, 06482.

## JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and this action involves an amount in controversy that exceeds $75,000.

7.     This Court has personal jurisdiction over Defendant Ray because he agreed to arbitration in New York, New York.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in New York.

FACTS

**A.     The Agreement and the Arbitration Clause**

9.     CAN Capital and Ray entered into the Agreement containing the arbitration provision on August, 6, 2013.

10.     Section 20 of the Agreement provides, in relevant part, that any arbitration commenced by a party *shall* take place in New York, New York under the Commercial Rules.

11.     Section 20 of the Agreement also provides that any arbitration will take place "before an experienced employment law arbitrator who has been selected in accordance with such rules."

12.      When parties contractually agree to be governed by the Commercial Rules, those rules must apply.

13.     The specific language in Section 20 "A" of the Agreement is:

> The arbitration shall take place in New York, New York under the
> Commercial Arbitration Rules of the American Arbitration
> Association before an experienced employment law arbitrator who
> has been selected in accordance with such rules.  The arbitrator
> may not modify or change this Agreement in any way except as
> expressly set forth herein.

**B.     The Relevant Commercial Rules**

14.     Pursuant to the Commercial Rules, unless the parties agree otherwise, the procedures for Large, Complex Commercial Disputes must be applied to all cases administered

by the AAA under the Commercial Rules in which the disclosed claim or counterclaim of any party is at least $500,000 exclusive of claimed interest, arbitration fees and costs.

15.     When a party initiates an arbitration by filing with the AAA a Demand for Arbitration, Rule 4(e) of the Commercial Rules provides that the Claimant *must* include certain information, such as the "names, addresses, telephone numbers, fax numbers, and email addresses *of any known* representative for each party."

16.     Rule 4(h) of the Commercial Rules provides that when the AAA receives a properly filed Demand for Arbitration, it "*shall* provide notice to the parties (or their representatives if so named)" of the receipt of a Demand or Submission for arbitration *when* the administrative filing requirements have been satisfied.  Rule 4(h) is hereinafter also referred to as "Notice."  After the AAA gives notice of the properly filed demand to the parties, Rule 12(a) of the Commercial Rules provides that the "AAA shall send simultaneously *to each party* to the dispute an identical list of 10" arbitrators chosen from the National Roster.   Thereafter, pursuant to this same Rule, as well as Rule 12(b), "the parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of the agreement.   If the parties are unable to agree upon an arbitrator, each party to the dispute *shall* have 14 calendar days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA.

**C.     CAN Capital is Denied its Right To Participate in the Appointment of an Arbitrator, as well as its Right to Participate in Other Proceedings Conducted by the AAA**

17.     As of September 25, 2015, Ray knew that Parris Sanz, Esq. was the Chief Legal Officer for CAN Capital.

18.     As of September 25, 2015, Ray knew the phone number of Parris Sanz, Esq. at CAN Capital.

19.     As of September 25, 2015, Ray knew the email address of Parris Sanz, Esq. at CAN Capital.

20.     As of September 25, 2015, Ray knew that CAN Capital was represented by Traycee Ellen Klein ("Klein") of Epstein Becker & Green, P.C.

21.     As of September 25, 2015, Ray was represented by Jeremy E. Deutsch ("Deutsch") of Norris McLaughlin & Marcus, PA.

22.     On September 25, 2015, Deutsch, being fully aware that CAN Capital was represented by Klein, emailed Klein, and sent her a letter concerning Mr. Ray and CAN Capital.

23.     The email reads:

> **From:** JEDeutsch@nmmlaw.com [mailto:JEDeutsch@nmmlaw.com]
> **Sent:** Friday, September 25, 2015 12:46 PM
> **To:** Traycee Ellen Klein
> **Subject:** Mr. Shiladitya Ray / CAN Capital
>
> Dear Ms. Klein:
>
> Please see the attached letter concerning Mr. Ray and CAN Capital.
> Yours truly,
>
> **Jeremy E. Deutsch**
> **Norris McLaughlin & Marcus**

24.     The first sentence in the attached letter reads "We are counsel to Mr. Shiladitya Ray and we have been instructed to write to you, as counsel for CAN Capital, in connection with Mr. Ray's termination from CAN."

25.     As CAN Capital's representative, Klein responded on behalf of CAN Capital to Deutsch.

26. On January 13, 2016, CAN Capital received in the mail a cover letter, dated January 11, 2016, from the AAA, a Report of Preliminary Hearing and Scheduling Order (the "Report") and a Notice of Hearing (together, the "January 13 Communication").

27. The January 13 Communication pertained to AAA Case number 01-15-0005-4157, wherein the Claimant is Ray.

28. The January 13 Communication was the first communication that CAN Capital received from the AAA concerning Ray.

29. Before CAN Capital received the January 13 Communication, upon information and belief, a conference was held between Ray and the AAA.

30. Before CAN Capital received the January 13 Communication, an arbitrator (Arbitrator Felsenfeld) was unilaterally selected as arbitrator.

31. CAN Capital never received from the AAA (or from Ray) a list of 10 names of potential arbitrators chosen from the National Roster.

32. When Ray initiated the arbitration, contrary to the requirements of Commercial Rule 4(e)(iii), he did not include in his filing CAN Capital's known representatives.

33. Although known to him, Deutsch did not provide the AAA the name, address, telephone number, fax number or email address of Chief Legal Officer Sanz to the AAA, as required by the Commercial Rules.

34. Although known to him, Deutsch did not provide the AAA the name, address, telephone number, fax number or email address of Klein to the AAA, as required by the Commercial Rules.

35. Pursuant to the Agreement, notice, if done by mail, must be by certified mail, return receipt requested and must be addressed to the "attention of the Chief Legal Officer."

36.     Deutsch, in filing the Demand for Arbitration, failed to disclose to the AAA that CAN Capital had a Chief Legal Officer, and he failed to disclose to the AAA that CAN Capital was represented by Traycee Ellen Klein of Epstein Becker and Green.

37.     When filing the Demand for Arbitration Ray insured by and through his attorney to apprise the AAA of the fact that he was represented by counsel, Jeremy E. Deutsch, and provided the AAA with his email address jedeutsch@nmmlaw.com.

38.     Upon receipt of the January 13 Communication, CAN Capital, by and through its counsel, Klein, promptly contacted the AAA and advised that the January 13 Communication was the first communication CAN Capital received from the AAA pertaining to Ray.

39.     Due to the fact that CAN Capital was not provided any Notice from the AAA about Case number 01-15-0005-4157 before the January 13 Communication, and because CAN Capital was denied its right to participate in all of the proceedings related to Case number 01-15-0005-4157, including, but not limited to, its right to participate in the selection process of an arbitrator, Klein requested that the matter be "reset" and that the AAA immediately issue a list of 10 potential arbitrators (experienced law arbitrators) from the National Roster, as required by both the Agreement and the Commercial Rules.

40.     Ray, by and through his counsel Deutsch, objected to CAN Capital's request.

41.     On February 26, 2016, the AAA determined that "since an arbitrator was appointed, the AAA will proceed with the administration of the arbitration" and that "objections to the manner in which the arbitration was commenced or whether appropriate notice was given can be presented to the arbitrator by either party." The AAA, in the same communication, stated that if CAN seeks Court intervention, that the AAA will comply with any court which directs the Parties to proceed in a particular manner.

42.    In this case, an immediate stay is required because (i) Ray, by and through his counsel Deutsch, failed to advise the AAA of CAN Capital's known representatives, (ii) neither CAN Capital, nor its known representatives, ever received notice from the AAA about Case number 01-15-0005-4157 before the January 13 Communication, (iii) CAN Capital did not receive any Notice from the AAA until well after the AAA and Ray, unilaterally, engaged in conferences, preliminary hearings and the appointment of an arbitrator; and (iv) CAN Capital has been denied its contractual right to fully and fairly participate in Case number 01-15-0005-4157, including its absolute right to participate in the selection of an arbitrator (as well as the other proceedings that took place).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

43.    Plaintiff hereby incorporates by reference and realleges paragraphs 1-39 above.

44.    There is an actual controversy, pursuant to 28 U.S.C. § 2202, between CAN Capital and Ray regarding whether Mr. Felsenfeld should be vacated as arbitrator to their dispute arising under the Agreement.

45.    Plaintiff hereby requests that the Court enter a judicial declaration declaring that: (i) Arbitrator Felsenfeld's appointment, under the circumstances, is improper, inconsistent with the spirit and intent of the voluntary Agreement entered into by the parties, as well as the Commercial Rules; (ii) Ray was required under Rule 4(e)(iii) of the Commercial Rules to inform the AAA of CAN Capital's known representatives, inclusive of all of the contact information for Sanz and Klein,  (iii) CAN Capital is entitled to receive Notice from the AAA and fully and fairly participate in all matters and proceedings pertaining to the administration of Case number

01-15-0005-4157, including its right to participate in the selection of a neutral arbitrator in accordance with the Agreement and the Commercial Rules; and (iv) Case number 01-15-0005-4157 may not proceed with Arbitrator Felsenfeld (unless and until such time that CAN Capital receives a list of 10 arbitrators and Felsenfeld is selected in a manner contemplated and consistent with Commercial Rule 12(b))

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

46.     Plaintiff hereby incorporates by reference and realleges paragraphs 1-42 above.

47.     Plaintiff is entitled to a temporary restraining order ("TRO") and a preliminary injunction staying the arbitration scheduled to proceed before Mr. Felsenfeld until the appointment of a proper arbitrator is made in accordance with the Agreement and the Commercial Rules.

48.     Without immediate injunctive relief, Plaintiff will be irreparably harmed because it will be forced to participate in or be prejudiced by an arbitration proceeding that is commenced and conducted contrary to the terms, conditions and provisions of the Agreement and the Commercial Rules.

49.     There is no adequate remedy at law because money damages will not adequately compensate Plaintiff if the Agreement is disregarded and it is required to participate in arbitration before Mr. Felsenfeld, whom it had no role in selecting as arbitrator.

50.     Plaintiff will likely succeed on the merits of its claim because the improper commencement of this arbitration by Defendant, and lack of required notice by the AAA, is a violation of the Agreement and Commercial Rules and has (and continues to) resulted in CAN Capital being denied fair process and participation in Ray's arbitration.

51.     Defendant will not be harmed by an injunction because it will not deny him the right to have the merits of his underlying grievance heard and determined by the AAA.

52.     A preliminary injunction will not harm the public interest.  Rather, it will further the public interest because, if issued, the injunction would help vindicate the principles that (1) arbitration is a creature of contract, (2) attorneys have obligations to be forthright and to follow Rules, and (3) due process and principles of fair play require that all parties to an arbitration proceeding receive same notice and opportunity to participate.  An injunction will further protect the public interest because it will insure that parties are not forced to arbitrate a dispute before an arbitrator that was selected and appointed in a manner that is inconsistent with the parties' contract.

53.     A TRO is necessary pending a hearing on a preliminary injunction because Defendant is seeking to continue the proceeding before Mr. Felsenfeld and the irreparable harm to Plaintiff that will occur if this improper arbitration proceeding continues to take place.

54.     Plaintiff is entitled to a permanent injunction restraining Defendant from pursuing arbitration before Mr. Felsenfeld due to his improper appointment.

<u>**RELIEF DEMANDED**</u>

WHEREFORE, Plaintiff CAN Capital requests that the Court:

55.     Enter a declaratory judgment finding and declaring that (i) Defendant's failure to apprise the AAA of Plaintiff's known representatives resulted was a violation of the Agreement and the Commercial Rules, (ii) Defendant's failure to engage in communications with Plaintiff and its known representative to select an arbitrator is a violation of the Agreement and the Commercial Rules, (iii) due process, fair play, the Agreement and the Commercial Rules all contemplate that CAN Capital is entitled to receive Notice and all other communications and is

entitled to fully and completely participate in every step of the arbitration process, including being provided the absolute right to participate in the selection and appointment of an arbitrator, and (iv) the failure of CAN Capital to receive notice and other communications from the AAA, and the unilateral selection of arbitrator Felsenfeld, resulted in an improper and ineffective appointment.

56.     Enter a declaratory judgment finding and declaring that in order for an arbitrator to be selected properly under the parties' Agreement, Mr. Felsenfeld must be removed as arbitrator and the AAA must initiate the arbitration from the beginning, thereby providing Plaintiff and its known representatives to fully and fairly participate in the proceedings and the administration of the arbitration.

57.     Enter an injunction enjoining and prohibiting Ray from participating in, or continuing to prosecute, an arbitration under the Agreement until the appointment of a proper arbitrator is made in accordance with the Commercial Rules.

58.     Enter an injunction enjoining and prohibiting Ray from conducting an arbitration under the Agreement with Mr. Felsenfeld as arbitrator;

59.     Enter an injunction enjoining and prohibiting Ray from conducting an arbitration under the Agreement without CAN Capital's participation in the selection of the arbitrator, as required by the Commercial Rules;

60.     Issue a TRO, immediately restraining Ray from participating in, or continuing to prosecute,  the arbitration proceeding before Arbitrator Felsenfeld, pending a hearing on the preliminary injunction; and

61.    Enter an order for such other relief as the Court may deem just and proper.

Dated:  New York, New York
        March 2, 2016

Respectfully submitted,

EPSTEIN/BECKER & GREEN, P.C.

By: _____
        Traycee Ellen Klein
        Jonathan L. Shapiro
250 Park Avenue
New York, New York 10177
(212) 351-4500

*Attorneys for Plaintiff CAN Capital, Inc.*